FULMER, Judge.
Earl J. Taylor, Jr. (“the Husband”) appeals the final judgment dissolving his marriage to Connie Jaye Taylor (“the Wife”). He argues that the trial court erred in: (1) failing to award him child support for a period of time prior to trial; (2) awarding the Wife an equitable share of his ownership interest in Bar JT, Inc., which he characterizes as a nonmarital asset; (3) valuing the marital home; and (4) restricting credit to him for home mortgage payments made prior to trial. The Wife cross-appeals challenging the trial court’s valuation of Bar JT, Inc. and the award to her of $65,000 for her interest in the corporation. We find merit in the Husband’s first point on appeal, and therefore, we reverse as to the child support award only. In all other respects, we affirm the final judgment.
The Husband testified at trial that the parties’ son had resided with him from October 17, 1997, through the date of trial on April 27, 1998. On February 11, 1999, the court announced its ruling that the Husband would receive child support from the date he took over responsibility for the child; however, the court referred to a special master the task of preparing the final judgment.[1] The final judgment, as prepared by the special master and entered by the trial court, commenced the Husband’s entitlement to support on February 11, 1999, and provided that the Husband was obligated to pay the Wife support from October 16, 1997, to February 11, 1999, pursuant to the terms of a pretrial temporary support order.
Because the evidence and the trial court’s oral ruling confirm the Husband’s claim that he, not the Wife, was entitled to support for the period prior to trial, we reverse the final judgment on this point. Based on the trial court’s findings in the October 28, 1997, order establishing temporary child support, the parties’ combined monthly income was $3,620, which, pursuant to the child support guidelines,[2] produces a minimum child support need of $761 per month for one child. The Wife’s proportionate share of the support obligation was 41%. Thus, the Husband is entitled to support from the Wife in the amount of $312.01 per month for the period commencing October 17, 1997, to February 11, 1999. Accordingly, we remand for the trial court to enter an amended final judgment in accordance with this opinion.
Affirmed in part, reversed in part and remanded with directions.
ALTENBERND, A.C.J., and DAVIS, J., Concur.

. We question the propriety of the trial judge delegating to a special master the task of preparing a final judgment, and do not recommend that this become an accepted practice.

. See § 61.30, Fla. Stat. (1997).